Therrien v. Sullivan                    04-CV-031-SM  04/21/05
                   UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


Robert Therrien,
       Plaintiff

       v.                                   Civil No. 04-cv-31-SM
                                            Opinion No. 2005 DNH 067
Mark F. Sullivan,
       Defendant


                      **ORDER OF CERTIFICATION**


       Pursuant to Rule 34 of the Rules of the Supreme Court of New

Hampshire, the United States District Court for the District of

New Hampshire hereby certifies the following questions of New

Hampshire law, which may be determinative of causes pending

before it and as to which there appears to be no controlling

precedent in the decisions of the Supreme Court:


       1.    In the context of a civil action for criminal
             legal malpractice, see, e.g., Mahoney v. Shaheen,
             Cappiello, Stein & Gordon, P.A., 143 N.H. 491
             (1999), when does a criminal defendant's cause of
             action against his or her defense counsel accrue?

       2.    If the cause of action for criminal legal malpractice
             accrues upon the criminal defendant's discovery of the
             attorney's alleged negligence and the resulting harm,
             is the pertinent state limitations period tolled until
             the criminal defendant obtains collateral relief from
             his or her underlying criminal conviction (thereby
             avoiding estoppel bars to proving actual innocence)?

## Statement of Relevant Facts

Much of the relevant factual background is described in detail in the New Hampshire Supreme Court's opinion affirming Therrien's criminal conviction. State v. Therrien, 144 N.H. 433 (1999) ("Therrien I"). Accordingly, only an abbreviated recitation of the pertinent facts is necessary here.

While living in Portsmouth, New Hampshire, Therrien allegedly forced his first-grade daughter to perform fellatio on him. Soon thereafter, the family moved to Maine. In 1995, the victim informed her mother about the assault that had allegedly occurred earlier in Portsmouth. Therrien was charged with that assault, but before he was brought to trial in New Hampshire, he was tried for other alleged sexual assaults committed against his daughter while the family was living in Maine. Therrien was acquitted of the Maine charges.

At his subsequent trial on the Portsmouth charge, the jury was allowed to hear evidence of Therrien's alleged sexual assaults against his daughter in Maine. Defense counsel was not, however, permitted to introduce evidence that Therrien had been

2

acquitted of those charges.  Additionally, over defense counsel's objection, the jury was allowed to hear testimony from the victim's social worker, who testified that Therrien had abused the victim until she was thirteen years old.  In March of 1997, Therrien was convicted of aggravated felonious sexual assault. On April 25, 1997, he was sentenced to serve seven and one-half to fifteen years in prison.

On direct appeal to the New Hampshire Supreme Court, Therrien, represented by different counsel, asserted that the trial court erred in admitting evidence of other bad acts (i.e., the alleged sexual assaults that occurred in Maine), without permitting him to introduce evidence that he had been acquitted of those charges.  He also challenged the trial court's decision to allow the victim's therapist to testify about multiple incidents of abuse.  The Court affirmed Therrien's conviction, concluding that the victim's testimony about sexual assaults that allegedly took place in Maine amounted to harmless error.  It also concluded that Therrien failed to preserve for appellate review his objections to: (1) the court's ruling precluding introduction of evidence of his acquittal of the Maine charges;

3

and (2) introduction of the social worker's testimony.  See Therrien I.

Therrien then sought collateral relief in the state trial court, asserting that he had been denied effective assistance of counsel at his trial.  The superior court denied Therrien's motion for a new trial, concluding that counsel provided constitutionally adequate representation.  The New Hampshire Supreme Court vacated that holding, reasoning that the trial court should have conducted an evidentiary hearing on the matter prior to ruling.  The case was transferred to a new judge, an evidentiary hearing was held, and the court determined that Sullivan did, in fact, provide constitutionally deficient representation:

> The court finds that Sullivan's representation of defendant at trial was deficient, as he failed to properly prepare for, attempt to exclude, try to mitigate, or even preserve for appeal the issue of defendant's inherently prejudicial prior bad acts.

State v. Therrien, No. 96-S-541 (N.H. Super. Ct. May 7, 2002).  Accordingly, the court vacated Therrien's conviction and granted his motion for a new trial.  The State, however, declined to re-

4

prosecute Therrien, perhaps because he had already served approximately five years in prison.

On January 28, 2004, Therrien filed this diversity action against Sullivan, asserting that he is actually innocent of the charges brought against him and saying that Sullivan's deficient representation proximately caused his allegedly wrongful conviction and incarceration.[1]  Sullivan moves to dismiss Therrien's one-count complaint on grounds that it is barred by the applicable limitations period.

## Discussion

Although there is no New Hampshire Supreme Court decision on point, several other jurisdictions have addressed the circumstances under which a cause of action for criminal malpractice accrues.  See generally Attached Order in Therrien v. Sullivan, No. 04-cv-31-SM (D.N.H. March 14, 2005).  Whether, under New Hampshire's statutory limitations period, N.H. Rev.

---

[1]     It is appropriate, in this context, to note that no court has determined that Therrien was actually innocent of the criminal charge against him; his conviction was set aside on other grounds, and the charges were then dropped as a matter of prosecutorial discretion.

5

Stat. Ann. 508:4, and the facts alleged in plaintiff's complaint, Therrien has asserted a timely malpractice claim against defendant is a dispositive question of state law, with regard to which the Supreme Court of New Hampshire should be accorded deference by this Court. Accordingly, the Justices of the Supreme Court of New Hampshire are respectfully requested to resolve the matter according to New Hampshire law.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 21, 2005

cc: Sven D. Wiberg, Esq.
    Richard Bell, Esq.

Attachment: <u>Therrien v. Sullivan</u>, No. 04-cv-31-SM
            (D.N.H. March 14, 2005).